Harrison A. WILLIAMS, Jr., Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Defendant.

Civ. A. No. 81-2324.

United States District Court, District of Columbia.

Oct. 26, 1982.

Robert J. Flynn, Jr., Washington, D.C., for plaintiff.

William H. Briggs, Jr., Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This is one of a series of cases brought under the Freedom of Information Act ("FOIA") on behalf of former Senator Williams seeking disclosure of documents relating to aspects of ABSCAM. At issue here are documents retrieved from the files of the Executive Office of the United States Attorneys and the Attorney General, Assistant Attorney General and Deputy Attorney General. Numerous papers have been disclosed pursuant to plaintiff's FOIA request, some in excerpted form. The material that has been withheld has been carefully described in a full *Vaughn* index and the Court has heard argument on the Department's motion for summary judgment and considered full briefs. In addition, at the Court's suggestion, counsel for former Senator Williams, who has exhibited a thorough knowledge of various prior proceedings relating to ABSCAM and his client's involvement, selected from the *Vaughn* index 12 documents of particular interest to him for the Court's random *in camera* inspection and each of these documents has been thoroughly examined.

The Department of Justice claims exemption for the material withheld, relying primarily on (b)(5) and, to a lesser extent on exemptions (b)(3), (7)(C) and (6). The exemptions claimed are in all respects sustained.

### Documents Examined In Camera

Turning first to those 12 documents which the Court reviewed *in camera,* these papers, broadly speaking, cover two main topics. The first are memoranda discussing whether or not a prosecution of former Senator Williams was appropriate in the light of facts being developed in the continuing investigation after giving weight to possible defenses that might be raised in the event of prosecution. Conflicting views are expressed, bolstered by use of selected factual material, appraisals of reliability of certain witnesses, and references to case law. These are working papers written by different attorneys with varying knowledge and perspectives on the case, and fit within the attorney work-product privilege. They were prepared in anticipation of specific litigation directed against former Senator Williams and clearly meet the test found in *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 865 (D.C.Cir.1980). Moreover, that litigation is ongoing; the former Senator's criminal conviction is now on appeal and it should be noted that he has filed suits against various persons for governmental wrongdoing in regard to ABSCAM that are now pending in federal court in New York. Disclosure of these documents would reveal the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation. Federal Rule of Civil Procedure 26(b)(3). The documents are also wholly deliberative and fit within the deliberative process privilege as they were generated before the decision to prosecute Senator Williams was carried forward, reflect the give-and-take of the agency's decisional process, and are merely recommendations with no precedential significance. *Coastal States, supra* at 886–67.

Two documents in this group from the Executive Office for the United States Attorneys, EOUSA 1 and 39, each have a long separate factual section. At oral argument and by brief the parties have focused on whether or not these fact statements should be segregated and disclosed. These two fact summaries were prepared by different staff attorneys to support conflicting points of view during an internal debate as to how and whether the contemplated prosecution should proceed. They are designed to support different legal analyses and recommendations. Not only do they appear as integral sections of what are undisputably deliberative memoranda in contemplation of litigation, but by their nature they unavoidably disclose the nature of the deliberations in progress. The factual material is selective and presented often with characterization or passing comment. Neither document served as the basis for any final action taken. Each is simply a working paper providing the basis for further discussion at a higher level presented before the investigation was completed. Thus while the factual material can be physically severed, it is of such a nature that it is entitled to protection under exemption (b)(5) under the authority of those cases in this Circuit such as *Montrose Chemical Corp. v. Train,* 491 F.2d 63 (D.C.Cir.1974), and *Mervin v. FTC,* 591 F.2d 821 (D.C.Cir.1978). Plaintiff relies in part on *Playboy Enterprises, Inc. v. Department of Justice,* 677 F.2d 931 (D.C. Cir.1982), and *Coastal States Corp., supra,* but these decisions are inapplicable. As *Playboy* emphasizes, there is a sharp difference between selective facts that permit indirect inquiry into mental processes and a final factual report intended for disclosure to others outside the Department. *Playboy, supra* at 935–36. Moreover, it is clear from *Coastal* that the work product exception also applies to these factual summaries given their personal, subjective nature. *Coastal States, supra* at 868–69.

■ The second group of documents consider possible disciplinary action against certain New Jersey prosecutors arising out of an ex parte communication. The communication itself was disclosed by the Department to all ABSCAM defense counsel long before this FOIA action, was the subject of court proceedings and is again disclosed without claim of exemption in these proceedings. Two of the New Jersey prosecutors involved have waived all privacy claims. Because of these waivers and because from a reading of the *Vaughn* plaintiff's counsel suspects the *in camera* materials contain a definitive memorandum resolving the disciplinary action to be taken, the claim for exemption is strongly opposed. But plaintiff's surmise last mentioned is incorrect; further, the waivers do not cover all prosecutors being considered for discipline. Consequently, the documents in this group are clearly deliberative, reflect no final agency decision, and are protected by both 5(b) and 6.

Finally, one letter from the files of the Office of the Attorney General, AG 2, believed by plaintiff's counsel to involve Senator Pressler and therefore no longer a private matter, has nothing to do with Senator Pressler. Other papers examined *in camera* relating to Congress are briefing papers prepared for the Attorney General prior to an appearance before a congressional committee in executive session and clearly deliberative.

The exemptions claimed for all documents examined *in camera* are sustained.

### Other Documents Covered by the Vaughn Indices

As for the remaining documents not examined *in camera,* the Court had opportunity to test the accuracy and fairness of the *Vaughn* indices by comparing the descriptions given with the *in camera* submissions. It appears that a very conscientious effort has been made to provide a meaningful and complete index. Accordingly, the Court has accepted the representations made in the *Vaughn* and is satisfied that the exemptions claimed are appropriate and the Department's claims must be sustained.

Some more specific aspects of plaintiff's position directed to the documents in general need brief comment.

As the *Vaughn* indices indicate, some deliberative material includes quotations purporting to represent a portion of a taped conversation. Plaintiff's counsel apparently suspecting that some of those portions have been misrepresented or vary from later interpretations of the tape, seeks to have the portions excerpted as segregable fact. As far as can be ascertained the tapes themselves have been released or are the subject of another FOIA proceeding brought by former Senator Williams directed to the FBI, C.A. No. 81–2321 (D.D.C., filed Sept. 21, 1981). In any event, the disclosure of the excerpts in the documents examined by the Court would disclose the nature of the deliberation taking place. Thus, this general claim for segregation has been rejected.

The Department of Justice relies in part on exemption 6 in seeking to protect the names of FBI agents not primarily involved in the investigation as well as the names and statements of individuals who may have been taped but who were not called to testify at any ABSCAM trial. The exemption is also relied on in part to protect frank appraisals of the reliability of certain individuals who gave information to the Department. Plaintiff's counsel contends that presumably some of the names and statements thus protected are not entitled to exemption 6 coverage because much of the material must have been previously revealed in some form in the course of the extensive discovery that preceded one or more of the ABSCAM trials. The Department of Justice processed the papers in its FOIA section without purporting to determine in each instance whether or not some such limited disclosure may have occurred in at least some instances. As a practical matter this contingency is almost always present in some degree where sweeping, all-inclusive FOIA demands are made of an agency such as the Department of Justice by those in litigation with it. Plaintiff has presented no specific, concrete cases of withheld materials that have been made public in other proceedings and to place upon the Department an affirmative obligation to search thoroughly the possibility that the privacy claimed may have been partially breached in the course of many-faceted proceedings occurring in different courts over a period of prior years would defeat the exemption in its entirety or at least lead to extended delay and uncertainty. There is no indication here that the privacy claims were made in anything but good faith and in accordance with established guidelines.

Plaintiff's counsel places heavy emphasis upon considerations bearing on the public interest which he urges must outweigh exemption claims as the Court balances the conflicting claims of the parties. He suspects the documents disclose a deep plot to discredit former Senator Williams engineered by the prosecutor for his personal aggrandizement. The selected documents reviewed *in camera* contain no indication of this scenerio but rather demonstrate conscientious deliberation and care on the part of the higher officials involved, many of whom have now apparently been sued by former Senator Williams. Yet those are the papers plaintiff's counsel obviously feels would be most revealing of his "plot" thesis.

Plaintiff's counsel also urges that in view of the high degree of public interest that naturally attaches to an investigation and prosecution of a sitting senator, all investigative material in the Department of Justice's files should be released. FOIA does not bear such a flexible reading. The Act is designed in part to prevent intrusion into sensitive aspects of the government's business. Internal deliberations of the Department of Justice in developing a prosecution, in resolving personnel conflicts, as well as the confidences of informants are to be protected so that its officials may function effectively. The judicial system is well developed to protect those in litigation with the government against overreaching. Indeed, the information before the Court indicates that in various court proceedings there has been full, detailed exploration of former Senator Williams' claims of entrapment and lack of due process, matters which continue to be subject to court examination.

When former Senator Williams brought this series of FOIA cases they were assigned to a single judge and are being conscientiously processed to conclusion. His requests have been expedited, counsel on both sides have been cooperative and diligent, large numbers of documents have been reviewed and released, and the Court has monitored progress from month-to-month. It is in this context that the exemption claims take a different significance. The Department of Justice in this instance has favored disclosure to the limits its responsibilities under FOIA permit and the Court is entirely satisfied that the exemptions claimed are appropriately and necessarily invoked.

Defendant's motion for summary judgment is granted and the complaint is dismissed.